IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

TIMOTHY ALAN PUTNEY

PLAINTIFF

VS.                                         CIVIL ACTION NO. _____

UNITED STATES POSTAL
SERVICE AND UNITED STATES
OF AMERICA

DEFENDANTS

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, Timothy Alan Putney, by and through his Attorneys, and make this Complaint against Defendants United States Postal Service and United States of America, and would show unto the Court as follows:

### I.

### PARTIES AND SERVICE

1. Plaintiff Timothy Alan Putney is an individual that resides in Wichita Falls, Wichita County, Texas.

2. Defendant, United States Postal Service, an agency of the United States government, pursuant to Federal Rule of Civil Procedure 4(i), may be served with service of process by serving a copy of the summons and complaint to the United States Attorney for the Northern District of Texas, John R. Parker at the following: 1100 Commerce Street, Third Floor, Dallas, Texas 75242 and by sending a copy of the summons and complaint by certified mail to Hon. Loretta Lynch, United States

Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

3. Defendant, United States of America, pursuant to Federal Rule of Civil Procedure 4(i), may be served with service of process by serving a copy of the summons and complaint to the United States Attorney for the Northern District of Texas, John R. Parker at the following: 1100 Commerce Street, Third Floor, Dallas, Texas 75242 and by sending a copy of the summons and complaint by certified mail to Hon. Loretta Lynch, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## II.

### JURISDICTION, VENUE, AND NOTICE

4. This Court has jurisdiction over the lawsuit because the action arises under the federal Tort Claims Act, (28 U.S.C. §1346 (b)) and it involves the United States Postal Service, a federal agency of the United States of America.

5. Venue is proper in this Court because all facts giving rise to this Civil Action occurred in Wichita Falls, Wichita County, Texas.

6. Plaintiff, Timothy Alan Putney presented his notice of claim, Standard Form 95, within two (2) years from the date the claim accrued. Pursuant to Federal Tort Claims Act, 39 C.F.R. 912.4, and all other applicable statutes. More than six (6) months have elapsed since Timothy Alan Putney's claim was first presented to the United States Postal Service and they have failed to make a final disposition of this claim. Accordingly, Timothy Alan Putney now brings this lawsuit for the injuries and damages he has sustained.

### III.

### CONDITIONS PRECEDENT

7. All conditions precedent to filing suit have been met.

### IV.

### FACTUAL SUMMARY

8. On or about December 23, 2014, in Wichita Falls, Wichita County, Texas, Plaintiff Timothy Alan Putney was operating his 1996 red Dodge Ram 1500 pickup truck northbound in the 1100 block of Broad Street and approaching the intersection of 11th Street and Broad Street.  At the same time, Ronald Williamson was operating a 2001 white Dodge 3500 United States Postal Service van westbound on the 1300 block of 11th Street and approaching the intersection of 11th Street and Broad Street.  Plaintiff Putney had a green signal light and he began to pass through the intersection.  Suddenly and without warning Ronald Williamson disregarded a red signal light and drove the Dodge van into the intersection causing the front of Plaintiff Putney's truck to crash into the driver side of Mr. Williamson's van.  The crash caused the injuries and damages to Plaintiff Putney described below.

### V.

### DEFENDANTS' NEGLIGENCE

9. The Defendants' negligence was a proximate cause and cause in fact of Plaintiff's injuries and damages.  At all times relevant to this case, Ronald Williamson was acting within the scope of his employment and in his capacity as an agent, apparent agent, servant and/or employee of the United States of America and the United States Postal Service.  Moreover, Ronald Williamson was acting within

the course and scope of his authority as such agent, apparent agent, servant and/or employee of the United States of America and the United States Postal Service. Thus, the United States of America and the United States Postal Service are liable for the negligent conduct of their employee under the legal doctrine of respondeat superior.

10. On the occasion in question, Ronald Williamson had permission from his employer, the United States of America and the United States Postal Service, to drive their van and owed a duty to use reasonable ordinary care in the operation of the vehicle he was driving. Ronald Williamson operated his vehicle in a negligent manner, in violation of his duty to Plaintiff, by failing to exercise ordinary care in the operation of the vehicle in one or more of the following:

   a. In demonstrating driver inattention
   b. Failing to timely apply the brakes;
   c. Failing to apply the brakes;
   d. Failing to maintain a proper lookout;
   e. Failing to maintain proper control of defendant's vehicle;
   f. Failing to turn the vehicle to avoid the collision;
   g. In failing to yield the right of way in violation of Texas Transportation Code §544.007 and/or 545.151 each constituting negligence per se, common law negligence, or both;
   h. In failing to sound his horn;
   i. Failing to maintain a reasonable speed;
   j. Failing to control speed;
   k. In driving at an excessive rate of speed;
   l. In entering an intersection against a red signal light;

    m. In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the Texas Transportation Code Ann. Sec. 545.401 (reckless driving).

## VI.

## DAMAGES

11. As a direct and proximate result of Defendants' negligence, Plaintiff Timothy Alan Putney has suffered serious and disabling injuries to his head, neck, mid-back, left shoulder, left arm.  Plaintiff requests the Court to determine the amount of loss Plaintiff, Timothy Alan Putney, has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.  There are certain elements of damages, provided by law, that the Plaintiff is entitled to have the Court in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for his injuries, disabilities, damages, and losses incurred and to be incurred.  The elements of Plaintiff's damages are as follows:

    a. Past necessary and reasonable medical, hospital, and pharmaceutical expenses;
    b. Necessary and reasonable medical, hospital, and pharmaceutical expenses, which in reasonable probability will be incurred in the future;
    c. Physical pain and suffering sustained in the past;
    d. Physical pain and suffering, which in reasonable probability will be sustained in the future;
    e. Mental anguish and emotional distress suffered in the past;
    f. Mental anguish and emotional distress, which in reasonable probability will be suffered in the future;
    g. Physical impairment suffered in the past;

    h. Physical impairment which, in reasonable probability, will be suffered in the future;

    i. Lost wages and loss of earning capacity suffered in the past;

    j. Lost wages and loss of earning capacity which in reasonable probability will be suffered in the future.

    k.

## VII.

## VETERANS ADMINISTRATION ALLEGIATION

12. As a result of the Plaintiff's injuries, he has received and will continue to receive medical and hospital care furnished by the United States of America. The Plaintiff, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. §§2651-2653, and with its express consent, asserts a claim for the reasonable value of said past and future care and treatment.

## VIII.

## PRAYER

13. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be summoned to appear and answer herein, and that upon final hearing hereof, Plaintiff recover the following:

    a. Judgment against Defendants for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

    b. Prejudgment interest, at the legal rate, on damages that have been accrued by the time of judgment;

    c. Interest after judgment at the legal rate per annum until paid;

    d. Cost of suit; and,

    e. Such other relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

OSTOVICH & ASSOCIATES, P.C.
Centre Point Bldg
900 Scott Street, Suite 205
P.O. Box 8305
Wichita Falls, Texas 76307-8305
Tel:  940-761-2000
Fax: 940-322-8580
horany@ostovichlaw.com


ATTORNEYS FOR THE PLAINTIFF



By:  _s/Melvin K. Horany_____
     Carolyn Ostovich
     State Bar No.:  04662020

     Melvin K. Horany
     State Bar No.:  24078687